PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. January 10, 1910).

Nos. 2-9, 2-35, 3-37, 2-149, 3-114.

COURTS (§ 500*)—FEDERAL COURTS—ADJUSTMENT OF CLAIMS AGAINST RECEIVERS —QUESTIONS DETERMINED.

In adjusting a claim of a receiver for a street railroad company appointed by a state court against receivers of lessees of such road, appointed by a federal court, for its use and occupation while in their possession before it was turned over to the state receiver, the federal court will not undertake to determine how much of the rental shall be paid to the state receiver and how much to the company, which is a matter to be disposed of by the state court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 500.*]

In Equity. Suits by the Pennsylvania Steel Company and the Degnon Contracting Company against the New York City Railway Company and the Metropolitan Street Railway Company; the Morton Trust Company, as trustee, against the Metropolitan Street Railway Company and others (two cases); the Guaranty Trust Company of New York, as trustee, against the Metropolitan Street Railway Company and others; and the Guaranty Trust Company of New York, as trustee, against the Second Avenue Railroad Company in the City of New York and others. In the matter of the application of the Second Avenue Railroad Company in the City of New York and George W. Linch, receiver, for allowance of claim. Order of reference.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Byrne & Cutcheon, for Pennsylvania Steel Co. and another.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
Dexter, Osborn & Fleming, for receivers of New York City Ry. Co.
James L. Quackenbush, for New York City Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Brownson Winthrop, for Morton Trust Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.
John W. Griggs, for Second Ave. R. Co. and another.

LACOMBE, Circuit Judge. This is a petition dated December 29, 1909, by the Second Avenue Railroad Company and by George W. Linch, its receiver, under order of the Supreme Court of the state dated September 19, 1908. It prays that this court will proceed by reference to a special master to determine petitioners' claims for compensation for the use and occupation from June 1, 1908, to November 12, 1908, of the property of the road theretofore leased to the Metropolitan Street Railway Company; and to determine how much of such compensation shall be paid by receivers of the New York City Railway Company and how much by receivers of the Metropolitan Street Railway Company; also, how much of such compensation shall be paid to the Second Avenue Railroad Company and how much to Mr. Linch as its receiver.

In October, 1908, petition was filed asking that the property in question then held by the receivers of this court should be turned over to the receiver of the Second Avenue, and that certain claims then made by him be adjusted and paid. Reference may be had to opinion in Morton Trust Company v. Met. St. Ry. Co. (C. C.) 165 Fed. 489. The several claims were there discussed, some of them disposed of, and others referred to the special master. It was supposed that by this time they would have been presented and liquidated; but the present applications disclose the fact that after that decision the parties in interest took a long vacation, and nothing has been presented to the master. Now we have a similar application for reference as to one of the claims. The reason suggested for a further order is that the first one was entitled in only one of the many suits, and an adjudication therein might not bind all interests. The suggestion is not persuasive. All that the petitioners are concerned with is to get their money. If they had proceeded promptly under the old order and liquidated their claim, they would probably receive a check for the same within a few days. It is also not easy to understand why this alleged defect in the order did not suggest itself to some one in the course of the last 14 months. Nevertheless the alleged debt is the debt of the court, incurred (if it be incurred) by the court's receivers, whatever their title may be, and if the making of an additional order will expedite its liquidation such an order will be made. But, in view of the long and unexplained delay, the order will provide that the claim be filed with the special master within 15 days, and that he be instructed to set it down for an early hearing and to require counsel to be prompt in proving it.

The court takes this occasion to suggest again to all the special masters that all claimants should be required to be prompt in making proof of their claims. It is hoped that the court's administration of all these

properties is drawing to its close, and the time will soon come when dilatory creditors will not be allowed to file claims nunc pro tunc, and when dilatory claimants will be required to complete their proofs promptly or have their claims dismissed.

Referring again to the opinion in 165 Fed. 489, it will be noted that there were other claims then advanced by petitioners, of which it now appears, upon inquiry by the court, the special master who was authorized to pass upon them more than a year ago has never heard. It might be fair to assume that such a condition imports a waiver of them; but the resuscitation of this claim for use and occupation may indicate that they also are to be brought up under some fuller head-lining. The order made under this decision will therefore contain a clause that all claims of the Second Avenue Railroad Company or its receiver, not covered by the terms of this order, against receivers of this court who have heretofore held temporary possession of the property of such railroad, must be filed with the special master within 30 days or be forever barred.

As to the subsidiary request that the master determine how much of the compensation, if any be due, shall be paid by receivers of the New York City Railway and how much by receivers of the Metropolitan Street Railway, the order will permit him to do so, if it be found necessary. But as at present advised the court sees no necessity of his wasting time over any such determination. Any claim which may be proved for use and occupation of the Second Avenue Road by receivers of this court, whatever their title may be, will be paid, and how such payment shall be distributed as a matter of charge and credit between the different interests represented will be adjusted by the master in the general accounting between such interests.

As to the other subsidiary request that the master determine how much of the compensation, if any be found due, shall be paid to the Second Avenue Railway Company and how much to its receiver, this court must register an emphatic denial. All money found to be due will have to be paid to the same individual, George W. Linch, receiver of the Second Avenue Railway Company, either as receiver of the choses in action of that company or as the holder of a chose in action accruing after he took its place. How he shall distribute that money is a matter for the determination of the state court, which appointed him. It would be indecorous for us to undertake even to indicate such distribution, besides which we have troubles enough of our own without borrowing those of a receivership which this court did not create.